UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE )<br>RICHARD WILLIAM NEUBAUER, )<br>       )<br>   Plaintiff. )<br>       )   Civil Action No. 1:23-cv-01531 (UNA)<br>       )<br>       )<br>       ) | |

**MEMORANDUM OPINION**

This matter is before the court on its initial review of plaintiff's *pro se* submission, ECF No. 1, and application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2. The Court will deny the *in forma pauperis* application and dismiss this case pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), by which the Court is required to dismiss a case "at any time" if it determines that the action is frivolous.

Plaintiff Richard William Neubauer, who holds himself out as "King Richard III," has filed a rambling and disorganized initiating submission that fails to name any defendants and is without a caption, in contravention of Federal Rule 10(a) and (b) and D.C. Local Rule 5.1(g). His IFP application is also procedurally deficient, as it is unsigned, in contravention of Federal Rule 11(a). More, several portions of the IFP application are left blank, without any information provided.

In his initiating submission, plaintiff alleges that various groups and individuals, including "fake Templar Knights in the U.N.," have forged his signature and conspired to steal "knowledge" and "assets" from him. Although he fails to cite any legal authority, and fails to articulate a single intended claim, he demands trillions of dollars in damages and asks that the CIA investigate the U.N. for its alleged attempts to commit crimes in an effort to "dism[a]nt[le] democratic . . .

freedom," and to otherwise cause harm to the "free world." He also seeks a declaration affirming myriad rights to which he believes he is entitled as the "Grand Master Templar Knight."

Even if the Court were to generously construe plaintiff's procedurally defective submission as a complaint, it still fails to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). As here, where a complaint lacks "an arguable basis either in law or in fact" it is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). And the Court cannot exercise subject matter jurisdiction over a frivolous complaint. *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.' ") (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality," including where the plaintiff allegedly "was subjected to a campaign of surveillance and harassment deriving from uncertain origins."). So a court must dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi v. Holland*, 655 F.2d 1305, 1307–08 (D.C. Cir. 1981). Plaintiff's submission falls squarely into this category. In addition to failing to state a claim for relief or to establish this court's jurisdiction, it is deemed frivolous on its face.

Consequently, this case is dismissed without prejudice.  A separate order accompanies this memorandum opinion.

Date: 6/6/2023

TREVOR N. McFADDEN
United States District Judge